**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| JEFFREY M. WINK and SHANNON R. WINK | * | CASE NO. 14-29358 |
| | * | |
| Debtors. | | |
| | * | |

**MOTION PURSUANT TO BANKRUPTCY RULE 3002.1(h) REQUESTING JUDICIAL**
**DETERMINATION OF WHETHER DEBTOR HAS CURED ALL DEFAULTS**

**COME NOW** Movants and Debtors Jeffrey M. Wink and Shannon R. Wink ("Wink"), by and through their counsel, Paul J. Dougherty III, and pursuant to Bankruptcy Rule 3002.1(h) respectfully move This Honorable Court determine whether Wink has cured all defaults and paid all required post-petition amounts due on those obligations secured by their primary residence, and for their reasons state as follows:

1.      That, on or about May 8, 2020 and pursuant to Bankruptcy Rule 3002.1(f), the Chapter 13 Trustee in the above-captioned case filed in the docket a Notice of Final Cure Payment and Opportunity for Hearing ("Notice").

2.      That, on or about May 18, 2020, Servis One d/b/a BSI Financial Services, Inc. ("BSI") filed a response to the Notice, alleging that Wink has failed to pay in full all amounts necessary to cure all defaults on BSI's claim ("Response").

3.      That, upon information and belief, the basis of BSI's Response is materially the same as the basis for its Motion Seeking Relief From Automatic Stay As To The Property Known As 8137 Woodland Lane, Chesapeake Beach, MD 20732 ("Motion for Relief"), which BSI filed on or about May 9, 2020 (Dkt. 105), to which Wink filed an opposition on or about June 2, 2020 (Dkt. 107)("Opposition").   Wink therefore likewise hereby contests the assertions made by BSI in the

Response.

4.      That this Honorable Court has already set in a hearing on the Motion for Relief and Wink's Opposition, which hearing is scheduled to go forward on June 22, 2020 at 2:00 p.m. (the "Hearing").

5.      That, pursuant to Bankruptcy Rule 3002.1(h), Wink respectfully requests that this Honorable Court receive evidence and hear argument to determine whether Wink has cured all defaults and paid all required post-petition amounts due on those obligations secured by their primary residence.

6.      Further, Wink respectfully suggests that, given the common bases of the relevant pending submissions and in the interests of judicial efficiency, this Honorable Court use the time currently set aside for the Hearing to consider not only BSI's Motion for Relief and Wink's Opposition thereto, but also BSI's Response to the Trustee's Notice.

**WHEREFORE**, the Debtors respectfully request that this Honorable Court enter an Order:

A.      Granting this Motion to determine whether Debtors have cured all defaults and paid all required post-petition amounts due on those obligations secured by their primary residence;

B.      Setting in a hearing to receive evidence for the purpose of determining whether Debtors have cured all defaults and paid all required post-petition amounts due on those obligations secured by their primary residence; and

C.      Granting Debtors any such and further relief as the nature of their cause may require.

Respectfully,

/s/   *Paul J. Dougherty III*
Paul J. Dougherty III (#27218)
1910 Towne Centre Blvd., Suite 250

Annapolis, Maryland 21401
443-603-0350
443-603-0373 (facsimile)
pdougherty@dlstrategies.com

*Counsel for Debtors*

## CERTIFICATE OF SERVICE

I certify that on this 8th day of June, 2020, copies of the foregoing Motion Pursuant to Bankruptcy Rule 3002.1(h) Requesting Judicial Determination of Whether Debtor Has Cured All Defaults was served electronically via CM/ECF upon the following:

Richard J. Rogers
Cohn, Goldberg & Deutsch, LLC
600 Baltimore Avenue, Suite 208
Towson, Maryland 21204

Timothy P. Branigan
9891 Broken Land Parkway Suite 301
Columbia, MD 21046

*/s/ Paul J. Dougherty III*
Paul J. Dougherty (#27218)